IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SANTANA SERRANO,

    Petitioner,

vs.                                                                                        No. CIV 21-0630 JB/LF

JESSICA VIGIL-RICHARDS, *Warden*, and
ATTORNEY GENERAL OF THE STATE OF
NEW MEXICO

    Respondents.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed July 9, 2021 (Doc. 1)("Second Petition"). Petitioner Santana Serrano challenges the constitutionality of her State murder sentence based on, among other things, ineffective assistance of counsel. See Second Petition at 1, 5. Having reviewed the Second Petition and Serrano's filing history, the Court will dismiss the Second Petition without prejudice as an unauthorized successive habeas filing.

**BACKGROUND**

The following background information comes from the Second Petition and Serrano's previous federal habeas case, Serrano v. Ortiz-Lucero, No. CIV 18-0740 JB/KRS. The federal docket is subject to judicial notice. See United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)(noting that courts have "discretion to take judicial notice of publicly-filed records . . . and certain other courts concerning matters that bear directly upon the disposition of the case at hand"). Cf. Mitchell v. Dowling, 672 F. App'x 792, 794 (10th Cir. 2016)(explaining that habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that

each [state] motion was filed").[1]

A State court jury convicted Serrano on a single charge of willful and deliberate first-degree murder on December 10, 2014.  See Second Petition at 1.  See also State Case No. D-506-YR-2014-00001, Judgment & Sentence at 1 (dated March 30, 2015), filed March 30, 2020 in Serrano v. Ortiz-Lucero, et al, No. CIV 18-0740 JB/KRS (Doc. 13-1).  The State trial court sentenced Serrano to life imprisonment.  See Second Petition at 1.  Serrano presently is incarcerated at the Western New Mexico Correctional Facility in Grants, New Mexico.  See Second Petition at 1.

On August 2, 2018, Serrano filed her first federal Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.  See Serrano v. Ortiz-Lucero, et al, No. CIV 18-0740 JB/KRS (Doc. 1)("First Petition").  The Court referred the matter to the Honorable Kevin Sweazea, United States Magistrate Judge for the United States District Court for the District of New Mexico, to issue Proposed Findings and a Recommended Disposition.  See Order of Reference Relating to Prisoner Cases, filed August 3, 2018, in Serrano v. Ortiz-Lucero, et al, No. CIV 18-0740 JB/KRS (Doc. 4).  On March 30, 2020, Roberta Ortiz-Lucero and Hector H. Balderas filed an answer arguing, in part, that Serrano's habeas petition is untimely under 28 U.S.C.

---

[1] Mitchell v. Dowling is an unpublished opinion, but the Court can rely on a United States Court of Appeals for the Tenth Circuit unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . And we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court concludes that Mitchell v. Dowling, 672 F. App'x 792 (10th Cir. 2016), and the other published opinions cited herein have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

§ 2244(d).  See Answer to Santana Serrano's Pro Se Petition for Writ of Habeas Corpus at 5-7, filed March 30, 2020 in <u>Serrano v. Ortiz-Lucero, et al</u>, No. CIV 18-0740 JB/KRS (Doc. 13). Magistrate Judge Sweazea ordered Serrano to show cause why the Court should not dismiss her First Petition as untimely.  <u>See</u> Order to Show Cause at 1, filed January 26, 2021, in <u>Serrano v. Ortiz-Lucero, et al</u>, No. CIV 18-0740 JB/KRS (Doc. 14).   Serrano responded, conceded that her first Petition is untimely, and did not set forth any express arguments for equitable tolling.  <u>See</u> Response to Show Cause to Petition Not Be Dismissed as Untimely at 1-3, filed April 14, 2021 in <u>Serrano v. Ortiz-Lucero, et al</u>, No. CIV 18-0740 JB/KRS (Doc. 20)("First Show Cause Response"). Despite her concession, Serrano cited her pro se status, and asked essentially that the Court ignore the First Petition's untimeliness and provide legal guidance to her on how best to proceed.  <u>See</u> First Show Cause Response at 1-2.

Magistrate Judge Sweazea entered Proposed Findings and Recommended Disposition on April 19, 2021, which recommended dismissal based on the statute of limitations.  <u>See</u> Magistrate Judge's Proposed Findings and Recommended Disposition, filed April 19, 2021 in <u>Serrano v. Ortiz-Lucero, et al</u>, No. CIV 18-0740 JB/KRS (Doc. 21)("PFRD").   On April 26, 2021, Serrano objected to the PFRD's conclusion and again requested that the Court provide her legal guidance how to change her sentence.  <u>See</u> Objections to Report and Recommendations, filed April 26, 2021 in <u>Serrano v. Ortiz-Lucero, et al</u>, No. CIV 18-0740 JB/KRS (Doc. 24).   By a Memorandum Opinion and Order entered May 7, 2021, the Court overruled Serrano's objections and concluded the First Petition is time-barred.  <u>See</u> Memorandum Opinion and Order Adopting the Proposed Findings and Recommended Disposition, <u>Serrano v. Ortiz-Lucero</u>, No. CIV 18-0740 JB/KRS, 2021 WL 1827250 (D.N.M. May 7, 2021)(Browning, J.), filed May 7, 2021 in <u>Serrano v. Ortiz-Lucero, et al</u>, No. CIV 18-0740 JB/KRS (Doc. 25)("First Dismissal Ruling").   The Court dismissed the First Petition with prejudice, denied a Certificate of Appealability, and entered Final Judgment.  <u>See</u>

First Dismissal Ruling, 2021 WL 1827250, at *7. See also Final Judgment, filed May 7, 2021, in Serrano v. Ortiz-Lucero, et al, No. CIV 18-0740 JB/KRS (Doc. 26).

Serrano filed the Second Petition on July 9, 2021. See Second Petition at 1. She again challenges her life sentence and first-degree murder conviction in State Case No. D-506-YR-2014-00001. See Second Petition at 1. In her Second Petition, Serrano raises multiple claims for ineffective assistance of counsel, including the failure to investigate, failure to properly negotiate with the prosecutor, and failure to seek to suppress evidence. See Second Petition at 5, 7-9. Serrano paid the $5.00 filing fee, and the Second Petition is ready for initial review. See Filing Fee, filed August 11, 2021 (Doc. 3).

## LAW REGARDING § 2254 HABEAS CORPUS RELIEF

28 U.S.C. § 2254 and the Rules Governing Section 2254 Cases in the United States District Courts, effective Feb. 1, 1977, as amended to Dec. 1, 2019 (hereinafter, a "Habeas Corpus Rule"), govern the Second petition. Habeas Corpus Rule 4 requires an initial review of habeas petitions. See Habeas Corpus Rule 4(b). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Habeas Corpus Rule 4(b). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time." Habeas Corpus Rule 4(b). As part of the initial review, courts may examine whether they lack jurisdiction over a habeas petition because it is a second or successive petition. See 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006)(holding that courts may sua sponte examine their own jurisdiction at any stage in a proceeding).

Section 2254 provides:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United

States.

28 U.S.C. § 2254(a).  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended § 2254 so that § 2254 limits federal courts' power to grant an application for a writ of habeas corpus.  Pub. L. 104-143 (1996).  If, as in this case, the application includes a claim that a State court adjudicated on the merits, § 2254(d) expressly limits federal court review.  Under § 2254(d), a habeas corpus application

> shall not be granted with respect to [such a] claim . . . unless the adjudication of the claim:
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).  Under this standard, a federal habeas court "reviews the specific reasons given by the state court and defers to those reasons if they are reasonable."  Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018).  The standard is highly deferential to State court rulings and demands that the State court be given the benefit of the doubt.  See Harrington v. Richter, 562 U.S. 86, 101 (2011); Woodford v. Visciotti, 537 U.S. 19, 24 (2002)(per curiam). The standard is difficult for petitioners to meet in federal habeas proceedings under § 2254.  See Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

Section 2254(d)(1)'s reference to "clearly established Federal law, as determined by the Supreme Court of the United States," refers to the holdings of the Supreme Court of the United States of America's decisions as of the time of the relevant state court decision.  Williams v. Taylor, 529 U.S. 362, 412 (2000).  Under § 2254(d)(1), a State court decision is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the governing law set

forth in [Supreme Court] cases," or if it "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from precedent." Williams v. Taylor, 529 U.S. at 405-06.  A State court need not cite, or even be aware of, applicable Supreme Court decisions, "so long as neither the reasoning nor the result of the state-court decision contradicts them."  Early v. Packer, 537 U.S. 3, 8 (2002)(per curiam).

A state court decision is an "unreasonable application" of clearly established Supreme Court law if the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."  Williams v. Taylor, 529 U.S. at 407-08.  A court undertakes this objective unreasonableness inquiry in view of the specificity of the governing rule: "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations."  Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).  An unreasonable application of federal law is not the same as an incorrect application of federal law.  See Williams v. Taylor, 529 U.S. at 410.  A federal court may not issue a habeas corpus writ merely because that court concludes the State court decision applied clearly established federal law erroneously or incorrectly -- the application must also be unreasonable.  See Williams v. Taylor, 529 U.S. at 411; Harrington v. Richter, 562 U.S. at 98.  The AEDPA authorizes issuance of a writ only in cases where there is no possibility that fair-minded jurists could disagree that the State court's decision conflicts with Supreme Court precedents.  See Harrington v. Richter. 562 U.S. at 102.

## LAW REGARDING SUCCESSIVE § 2254 CLAIMS

AEDPA's amended § 2254 limits federal courts' power to grant an application for a writ of habeas corpus.  One such limitation is the jurisdictional bar applicable to second or successive habeas petitions.  The district court automatically has jurisdiction over a defendant's first § 2255 proceeding.  See 28 U.S.C. §§ 2254; 2244(a).  Absent prior Court of Appeals authorization, however, District Courts lack jurisdiction to consider second or successive § 2254 claims.  See 28

U.S.C. § 2244(b)(3); In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008)("A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until [the United States Court of Appeals for the Tenth Circuit] has granted the required authorization.")(quotations omitted).

When a second or successive § 2254 petition is filed in the district court without the required authorization, the District Court may dismiss the petition or may transfer the matter to the United States Court of Appeals for the Tenth Circuit if it determines that transfer is "in the interest of justice pursuant to [28 U.S.C.] § 1631." In re Cline, 531 F.3d at 1252 (quoting Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997)). Factors to consider in evaluating whether a transfer is in the interest of justice include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

In re Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter . . . ." In re Cline, 531 F.3d at 1252. To be meritorious, a second or successive claim must be based on a new rule of constitutional law, made retroactive to cases on collateral review, or newly discovered evidence establishing innocence. See 28 U.S.C. § 2244(b)(2).

## ANALYSIS

In this habeas proceeding, Serrano challenges her 2015 State murder conviction. See Second Petition at 1. The Court rejected recently Serrano's habeas challenge to the same conviction and determined that her claims are time-barred. See First Dismissal Ruling, 2021 WL 1827250, at *1. A dismissal of the "first § 2254 petition as untimely count[s] as a ruling on the

merits of the petition for purposes of" the limitations on second/successive habeas petitions. Collins v. Bear, 797 F. App'x 404, 406 (10th Cir. 2019). See Harrison v. Att'y Gen. of Wyoming, 714 F. App'x 909, 910 (10th Cir. 2018)(noting the "dismissal of [the petitioner's] first § 2254 application as time-barred counts as a disposition on the merits," and petitioner "must obtain this court's authorization before he can file another § 2254 application"); Lomax v. Raemisch, 678 F. App'x 776, 777 (10th Cir. 2017)(holding that the petitioner's "first § 2254 application was denied as untimely, . . . which counts as a merits decision . . . . Therefore, he must obtain this court's authorization before filing another § 2254 application."); In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011)("The dismissal of [petitioner's] first habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements."). Serrano's Second Petition therefore qualifies as a second or successive habeas filing.

There is no indication in the record that the Tenth Circuit has authorized Serrano to raise successive habeas claims. Accordingly, the Court will evaluate whether to transfer such claims to the Tenth Circuit or to dismiss the claims for lack of jurisdiction. See In re Cline, 531 F.3d at 1251. Relevant factors include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

In re Cline, 531 F.3d at 1251.

Considering these factors, the Court determines it is not in justice's interest to transfer any successive habeas claims to the Tenth Circuit. A successive challenge to the original conviction and sentence is not likely to have merit, as Serrano does not cite a new rule of constitutional law or new evidence. See 28 U.S.C. § 2244(b)(2). In addition, the Court already conducted a full

investigation of Serrano's State court filings and held that any habeas claims are time-barred. See First Dismissal Ruling at 1. The factor addressing bad faith is neutral. Serrano lacks legal knowledge, but she certainly is aware of the recent dismissal. Serrano alleges the First Petition was "waived without prejudice," Second Petition at 13, but the Court explicitly dismissed the First Petition with prejudice, see First Dismissal Ruling at 14. For these reasons, the Court declines to transfer this matter and will dismiss the Second Petition without prejudice for lack of jurisdiction.

The Court will also deny a Certificate of Appealability. Habeas Corpus Rule 11 requires "[t]he district court [to] . . . issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate may only issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, a petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, there is no indication the Tenth Circuit has authorized a successive habeas petition, nor would there likely have been time for Serrano to obtain such authorization after the entry of the First Dismissal Ruling on May 7, 2018. The Court concludes that this ruling is not reasonably debatable and will deny a Certificate of Appealability.

**IT IS ORDERED** that (i) the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed July 9, 2021 (Doc. 1), is dismissed without prejudice; (ii) a certificate of appealability is denied; and (iii) the Court will enter a separate Final Judgment disposing of this case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Santana Serrano
Grants, New Mexico

    *Petitioner pro se*